**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammie M. Sardina,<br>    Plaintiff,<br>v.<br>Carolyn W. Colvin,<br>    Defendant. | No. CV-15-00167-PHX-DLR<br><br>**ORDER** |

  Plaintiff Tammie Sardina seeks review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is affirmed.

## BACKGROUND

  Sardina has bilateral knee pain, fibromyalgia, agoraphobia with panic attacks, bipolar disorder, borderline personality disorder, lumbar radiculopathy, and is morbidly obese. (A.R. 20.) She has an eighth grade education and previously worked as a photocopying machine operator. (*Id.* at 46, 64.) In July 2011, Sardina applied for disability insurance benefits and SSI, alleging that her impairments became disabling as of November 22, 2010. (*Id.* at 185, 196.) Sardina appeared with her attorney at a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 40-72.) A vocational expert also testified. (*Id.*) During the hearing, Sardina explained that her back pain and agoraphobia

are the main sources of her allegedly disabling limitations. (*Id.* at 44-45, 48.) The ALJ found that, despite her impairments, Sardina has the residual functional capacity ("RFC") to perform light work, with some modifications.[1] (*Id.* at 22.) Based on the RFC, the ALJ concluded that Sardina is not disabled because she is capable of performing her past relevant work, as well as other jobs that exist in the national economy. (*Id.* at 26-27.)

The Appeals Council denied Sardina's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 1-6.) Thereafter, Sardina appealed to this Court. (Doc. 1.)

## LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## DISCUSSION

Sardina argues that the RFC assessed by the ALJ is inconsistent with the limitations imposed by her impairments. Specifically, she contends that the ALJ improperly: (1) rejected Sardina's symptom testimony and (2) weighed medical source opinions. (Doc. 25 at 14-25.)

**A. Evaluation of Sardina's Symptom Testimony**

---

[1] The ALJ found that Sardina should avoid jobs that involve climbing, and is limited to jobs requiring only occasional postural maneuvers and social interaction, and simple, routine, and repetitive tasks with no fast-paced production requirements. (A.R. 22.)

- 2 -

When evaluating the credibility of a claimant's symptom testimony, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

The ALJ found that Sardina's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (A.R. 23.) However, the ALJ concluded that Sardina's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible . . . ." (*Id.*) The ALJ did not find evidence of malingering and, therefore, was required to articulate clear and convincing reasons for discrediting Sardina's testimony. The ALJ's decision satisfies this standard.

The ALJ found that Sardina's symptoms improved with medication and treatment. (*Id.* at 24.) Effective management with treatment or medication is a relevant consideration when evaluating the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Impairments that can be controlled with medication or treatment are not disabling. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996). Here, treatment records show that Sardina's back pain reduced by sixty percent following a spinal cord simulator trial in May 2012. (A.R. 24, 632.) Subsequent records indicated reduced or no back pain. (*Id.* at 24, 674.) Likewise, Sardina's mental health treatment providers noted that she did well on medication. (*Id.* at 25, 652.) Indeed, Sardina testified during the administrative hearing that her mental conditions were controllable with medication. (*Id.* at 49.) Substantial evidence supports the ALJ's finding.

The ALJ also found that the Sardina's testimony was inconsistent with her activities of daily living and the objective medical evidence. (*Id.* at 24-26.) Inconsistency with other relevant evidence is a sufficient reason for discounting a claimant's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Here, Sardina reported that she has difficulties interacting with and relating to others, but her treatment providers noted that Sardina related well, had normal affect and demeanor, euthymic mood, good eye contact, and was cooperative. (*Id.* at 25-26, 48-49, 351, 398, 485, 576.) Additionally, although Sardina testified that she has difficulties maintaining concentration, she also reported spending considerable time reading and playing computer games. (*Id.* at 24, 52, 58, 385.) The ALJ's finding is supported by substantial evidence, and she did not err in concluding that Sardina's testimony regarding the severity of her symptoms was not fully credible.

**B.  Evaluation of Medical Source Opinions**

Four treating sources opined on the limiting effects of Sardina's physical and mental impairments:  treating psychiatrist Dr. Robin Reesal, and nurse practitioners ("NPs") Iris Ruddy, Kristin Robinson, and Suzanne Payton.  Utilizing checkbox forms, these sources assessed limitations that, if credited, would preclude Sardina from meaningful employment. (*Id.* at 68-70, 416-19, 421-22, 625-31.)  The ALJ assigned "limited" weight to these opinions, and greater weight to the opinions of the non-examining state agency medical reviewers, who assessed non-work-preclusive limitations. (*Id.* at 25, 65, 79-82, 91-94, 108-12, 125-29.)

In weighing medical source opinions, Social Security regulations distinguish between acceptable medical sources and other sources.  20 C.F.R. § 404.1513.  "[O]nly licensed physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting § 404.1513(a)).  Among acceptable medical sources, more weight generally should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.*  The opinions of other sources, such as physicians' assistants and nurse practitioners,

"are not entitled to the same deference." *Molina*, 674 F.3d at 1111 (citing 20 C.F.R. § 404.1527; SSR 06-03p, 2006 WL 2329939). "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Id.* (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).[2]

Dr. Reesal and the state agency reviewers provided conflicting assessments of Sardina's limitations.[3] Therefore, the ALJ was required to articulate specific and legitimate reasons for assigning less weight to Dr. Reesal's opinion, and germane reasons for discounting the opinions of NPs Ruddy, Robinson, and Payton. The ALJ discounted these opinions because she found that the treatment providers "fail to provide evidence to support their assessments of the claimant's lack of abilities." (A.R. 25.) "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Baston v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Citing *Garrison v. Colvin*, Sardina argues that the ALJ's finding is erroneous because she failed to discuss the treatment notes and medical records from these providers. 759 F.3d 995, 1013 (9th Cir. 2014) (finding that ALJ erred by failing "to recognize that the opinions expressed in check-box form . . . were based on significant experience with [the claimant] and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit"). Sardina inaccurately characterizes the ALJ's decision. Earlier in her decision, the ALJ extensively discussed the medical records. (A.R. at 24-25.) Although

---

[2] Sardina quarrels with the "germane reasons" standard applied to medical sources not deemed "acceptable" by the Social Security Administration. (Doc. 25 at 15-16.) This Court must apply Social Security regulations as interpreted by the Ninth Circuit. *Molina* makes clear that other medical sources, such as NPs, are not entitled to the same deference as acceptable medical sources, and their opinions may be rejected for germane reasons. 674 F.3d at 1111.

[3] Sardina argues that the more demanding "clear and convincing reasons" standard applies to Dr. Reesal's assessment because the opinions of non-examining physicians are not, alone, substantial evidence. (Doc. 25 at 14-15.) Although the opinion of a non-examining physician is not itself substantial evidence that justifies the *rejection* of a treating physician's opinion, *see Lester*, 81 F.3d at 831, it does not follow that an ALJ must ignore conflicts between the two when weighing medical source assessments.

- 5 -

the ALJ did not repeat her analysis of the medical records when discussing the treating providers' opinions, the Court will not "fault the agency merely for explaining its decision with less than ideal clarity," so long as its "path may reasonably be discerned . . . ." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation and citation omitted). Moreover, although the Court cannot make independent findings when reviewing an ALJ's non-disability decision, it still must review the record as a whole to determine whether the ALJ's findings are supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("To determine whether substantial evidence supports the ALJ's decision, [the court] review[s] the administrative record as a whole, weighing both the evidence that supports and [that which] detracts from the ALJ's conclusion." (internal quotation and citation omitted)). Here, substantial evidence supports the ALJ's finding that the treatment providers' opinions are unsupported by the record as a whole.

Dr. Reesal completed a two-page checkbox form, rating Sarina's limitations from mild to severe. (A.R. 421-22.) He opined that Sardina's mental impairments would severely limit her ability to relate and respond to others, respond to customary work pressures, perform complex tasks, complete a normal workday or workweek without interruption from psychological symptoms, and work at a consistent pace. (*Id.*) Dr. Reesal did not explain the basis for these assessments. Moreover, Dr. Reesal's treatment notes are inconsistent with the limitations he assessed on his checkbox form. For example, his treatment notes describe Sardina as cooperative, relating well, having appropriate affect, and good insight, judgment, and concentration. (*Id.* at 398, 427, 429, 432, 436, 444, 456, 468.)

NPs Ruddy, Robinson, and Payton submitted similarly brief and conclusory checkbox forms. (*Id.* at 414-420, 627-29, 630-31.) Likewise, these providers' treatment notes are inconsistent with the limitations they assessed. For example, NP Ruddy's assessment is similar to Dr. Reesal's. (*Id.* at 630-31.) Yet NP Ruddy's treatment notes indicate that Sardina had good eye contact, appropriate affect, euthymic mood, logical

thought processes, normal orientation and perception, good concentration, intact memory, and good intellect. (*Id.* at 595-96.)  NP Ruddy assessed only mild symptoms in her treatment notes. (*Id.* at 582, 586-87, 596.)

NPs Robinson and Payton assessed the limiting effects of Sardina's physical impairments.  NP Robinson opined that Sardina has moderately severe pain, which would constantly interfere with her concentration, attention, persistence, and pace. (*Id.* at 414-15.)  She also assessed limitations consistent with less than sedentary work. (*Id.* at 416-17.)  However, her treatment notes indicate that Sardina experienced "mild pain," and that she was alert, oriented, and in no apparent distress. (*Id.* at 346, 351, 485.)  NP Payton assessed limitations consistent with less than sedentary work, and opined that Sardina could never perform postural maneuvers, fine manipulation, or reaching. (*Id.* at 627-28.)  However, her treatment notes indicate that Sardina experienced "mild pain," and was in no distress. (*Id.* at 663.)  Moreover, NP Payton's treatment notes include no upper extremity findings. (*Id.* at 661, 663.)  The observations reflected in these notes are inconsistent with disabling limitations.

Additionally, elsewhere in the decision the ALJ found that Sardina's physical and mental impairments are controllable with medication and treatment, a finding that this Court has already determined is supported by substantial evidence. (*Id.* at 24.) "Impairments that can be controlled effectively with medication are not disabling . . . ." *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  Accordingly, the ALJ did not err in weighing medical source evidence.

## **CONCLUSION**

For the foregoing reasons, the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 25th day of February, 2016.

Douglas L. Rayes
United States District Judge